FILED
NOVEMBER 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

07 C 6758

| | | |
|---|---|---|
| DARRYL MAHAFFEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT FOR |
| | ) | VIOLATION OF CIVIL RIGHTS |
| P.O. R. MISNER, Individually, and | ) | AND STATE SUPPLEMENTAL |
| THE VILLAGE OF HOMEWOOD | ) | CLAIMS |
| | ) | |
| Defendants, | ) | |
| | ) | **JURY DEMANDED** |

JUDGE MORAN
MAGISTRATE JUDGE COLE

### PLAINTIFF'S COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff DARRYL MAHAFFEY ("Mahaffey" or "Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

4. At all times herein mentioned, Defendant Homewood Police Officer R. MISNER, ("Misner") was employed by the Homewood Police Department and was acting under color of state law and as the employee, agent, or representative for the

Homewood Police Department. This Defendant is being sued in his individual/personal capacity.

5. At all times herein mentioned, the Village of Homewood was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Homewood maintained, managed, and/or operated the Village of Homewood Police Department.

## FACTUAL ALLEGATIONS

6. On or about July 15, 2007, at approximately midnight, Plaintiff was driving westbound on 175th Street at Center Avenue in Homewood, IL.

7. At that place and date, Defendant stopped Plaintiff in his vehicle.

8. Plaintiff was driven to the police station where he was imprisoned.

9. Plaintiff was subjected to unnecessary and unreasonable force by being struck and shoved by Defendant.

10. Plaintiff in no way consented to this conduct.

11. Defendants then caused Plaintiff to be falsely charged with alleged assault.

12. On or about August 13, 2007, Plaintiff's case was dismissed, terminating in his favor.

13. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, medical expenses, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

14. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

15. By reason of the above-described acts and omissions of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

**Plaintiff Against Individual Defendant for Excessive Force**

16. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) hearat as though fully alleged at this place.

17. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

18. The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force. Therefore the individual Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

**Plaintiff Against all Defendants For The Supplemental State Claim of Malicious Prosecution**

19. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) hereat as though fully alleged at this place.

20. Defendant Misner caused a charge for alleged assault to be commenced against Plaintiff.

21. The Individual Defendant, employed by the Village of Homewood, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

22. The Individual Defendant facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

23. The criminal proceedings against Plaintiff were terminated in his favor.

24. The Village of Homewood is liable to Plaintiff for the acts of the Individual Defendant, pursuant to the doctrine of *respondeat superior*.

25. Therefore, all Defendants are liable under the state supplemental claim of Malicious Prosecution.

WHEREFORE, Plaintiff, Darryl Mahaffey, by and through his attorneys, Ed Fox & Associates, request judgment as follows against the Defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiff special damages;

3. That Defendant, except the Village of Homewood, be required to pay Plaintiff attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendant, except the Village of Homewood, be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem just and proper.

DATED: November 30, 2007

s/Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

DATED:   November 30, 2007

    s/Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877