07-30-4852                                                                                    ARDC No. 01144642

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL MAHAFFEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.   07 C 6758 |
| | ) |
| P.O. R. MISNER, Individually, and | ) Judge Moran |
| THE VILLAGE OF HOMEWOOD, | ) Magistrate Judge Cole |
| | ) |
| Defendants. | ) |

## ANSWER

NOW COME the Defendants, ROBERT MISNER and THE VILLAGE OF HOMEWOOD, a Municipal Corporation, by and through their Attorneys, HARTIGAN & CUISINIER P.C., and for their Answer to Plaintiff's Complaint at Law hereby state as follows:

### JURISDICTION AND VENUE

1.   This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER**:   The Defendants admit that the Sections cited in Paragraph One (1.) do exist, but deny any applicability to the facts in this case and deny that Plaintiff has any viable action.

2.   Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER**: The Defendants admit that the venue Section would apply, but deny its applicability since this lawsuit does not rise to any actions where there could be a viable Complaint.

## PARTIES

3. At all times herein mentioned, Plaintiff DARRYL MAHAFFEY ("Mahaffey" or "Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER**: The Defendants admit the Allegations contained in Paragraph Three (3.) of Plaintiff's Complaint at Law.

4. At all times herein mentioned, Defendant Homewood Police Officer R. MISNER ("Misner") was employed by the Homewood Police Department and was acting under color of state law and as the employee, agent, or representative for the Homewood Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER**: The Defendants admit that OFFICER MISNER was employed and acting on behalf for the benefit of the Homewood Police Department. Defendants object to the terminology "acting under color of state law" since this calls for a legal conclusion.

5. At all times herein mentioned, the Village of Homewood was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all

relevant times, the Village of Homewood maintained, managed, and/or operated the Village of Homewood Police Department.

**ANSWER**:   The Defendants admit the Allegations contained in Paragraph Five (5.) of Plaintiff's Complaint at Law.

## FACTUAL ALLEGATIONS

6.   On or about July 15, 2007, at approximately midnight, Plaintiff was driving westbound on 175th Street at Center Avenue in Homewood, IL.

**ANSWER**:   The Defendants admit the Allegations contained in Paragraph Six (6.) of Plaintiff's Complaint at Law.

7.   At that place and date, Defendant stopped Plaintiff in his vehicle.

**ANSWER**:   The Defendants admit that they stopped the Plaintiff's vehicle due to a traffic violation.

8.   Plaintiff was driven to the police station where he was imprisoned.

**ANSWER**:   The Defendants admit that the Plaintiff was driven to the Police station where he was put in a temporary detention cell.

9.   Plaintiff was subjected to unnecessary and unreasonable force by being struck and shoved by Defendant.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Nine (9.) of Plaintiff's Complaint at Law.  The Defendants admit shoving the Plaintiff only after being struck by the Plaintiff himself.

10.    Plaintiff in no way consented to this conduct.

**ANSWER**:    The Defendant acted in self-defense only after being struck by Plaintiff and consent would not be relevant here.

11.    Defendants then caused plaintiff to be falsely charged with alleged assault.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Eleven (11.) of Plaintiff's Complaint at Law.

12.    On or about August 13, 2007, Plaintiff's case was dismissed, terminating in his favor.

**ANSWER**:    The Defendants admit the Allegations contained in Paragraph Twelve (12.) of Plaintiff's Complaint at Law, but further objects to its relevancy in this claim.

13.    By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, medical expenses, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER**:   The Defendants deny the Allegations contained in Paragraph Thirteen (13.) of Plaintiff's Complaint at Law.

14.   The aforementioned acts of the Defendants were wilful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER**:   The Defendants deny the Allegations contained in Paragraph Fourteen (14.) of Plaintiff's Complaint at Law.

15.   By reason of the above-described acts and omissions of het Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER**:   The Defendants deny the Allegations contained in Paragraph Fifteen (15.) of Plaintiff's Complaint at Law.

### COUNT I
**Plaintiff Against Individual Defendant for Excessive Force**

16.   Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) hereat as though fully alleged at this place.

**ANSWER**: The Defendant hereby restates and reincorporates its responses to Paragraphs One through Fifteen (1.-15.) of Plaintiff's Complaint at Law as more fully set forth herein and incorporates them by reference.

17. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Seventeen (17.) of Plaintiff's Complaint at Law.

18. The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force. Therefore the individual Defendant is liable to Plaintiff pursuant to 42 U.S.C. Section 1983.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Eighteen (18.) of Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, ROBERT MISNER and THE VILLAGE OF HOMEWOOD, a Municipal Corporation, pray that Count I of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.

## COUNT II
### Plaintiff Against all Defendants For The Supplemental State Claim of Malicious Prosecution

19. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) hereat as though fully alleged at this place.

**ANSWER**: The Defendants hereby restate and reincorporate their responses to Paragraphs One through Fifteen (1.-15.) of Plaintiff's Complaint at Law as more fully set forth herein and incorporate them by reference.

20. Defendant misner caused a charge for alleged assault to be commenced against Plaintiff.

**ANSWER**: The Defendants admit the Allegations contained in Paragraph Twenty (20.) of Plaintiff's Complaint at Law.

21. The Individual Defendant, employed by the Village of Homewood, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER**: The Defendants deny any malicious conduct, deny that they were acting without probable cause, and deny the remaining Allegations contained in Paragraph Twenty One (21.) of Plaintiff's Complaint at Law.

22. The Individual Defendant facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Twenty Two (22.) of Plaintiff's Complaint at Law.

23. The criminal proceedings against Plaintiff were terminated in his favor.

**ANSWER**: The Defendants admit the Allegations contained in Paragraph Twenty Three (23.) of Plaintiff's Complaint at Law, but object as to the relevancy in this proceeding.

24. The Village of Homewood is liable to Plaintiff for the acts of the Individual Defendant, pursuant to the doctrine of *respondeat superior*.

**ANSWER**: The Defendants admit that the doctrine enunciated in Paragraph Twenty Four (24.) of Plaintiff's Complaint at Law does exist, but state it calls for a legal conclusion and, thus, object to the terminology contained in this Paragraph.

25. Therefore, all Defendants are liable under the state supplemental claim of Malicious Prosecution.

**ANSWER**: The Defendants deny that they are liable for any claim of malicious prosecution.

WHEREFORE, the Defendants, ROBERT MISNER and THE VILLAGE OF HOMEWOOD, a Municipal Corporation, pray that Count II of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.

Respectfully Submitted,

/s/Russell W. Hartigan
Russell W. Hartigan, One of the Attorneys for the Defendants, Misner and Village of Homewood

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & CUISINIER P.C.
222 North LaSalle Street
Suite 2150
Chicago, Illinois 60601
(312)201-8880

## **AFFIRMATIVE DEFENSES**

Without prejudice to any of the previous admissions and/or denials contained in their Answer, the Defendants, ROBERT MISNER and THE VILLAGE OF HOMEWOOD, a Municipal Corporation, set forth the following Affirmative Defenses to the Plaintiff's Complaint at Law:

### **FIRST AFFIRMATIVE DEFENSE**

1. Neither the VILLAGE OF HOMEWOOD nor ROBERT MISNER is liable because MISNER acted with probable cause at all times alleged in the Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, ROBERT MISNER and THE VILLAGE OF HOMEWOOD, a Municipal Corporation, respectfully request this Honorable Court dismiss Plaintiff's Complaint with prejudice with costs assessed against the Plaintiff.

### **SECOND AFFIRMATIVE DEFENSE**

1. That the Defendant Officer ROBERT MISNER, at all times relevant hereto, was engaged in the performance of his official duties as a Police Officer for the VILLAGE OF HOMEWOOD.

2. That the actions of the Defendant, ROBERT MISNER, at all times relevant hereto, were lawful and proper.

3. That at all times relevant hereto, the Defendant, ROBERT MISNER, was engaged in a lawful Police arrest.

4. That MISNER at all times relevant hereto, reasonably believed that his conduct was lawful in this arrest.

5. That the Defendant, ROBERT MISNER, has qualified immunity as to the allegations contained in the Plaintiff's Complaint.

WHEREFORE, the Defendants, VILLAGE OF HOMEWOOD, a Municipal Corporation, ROBERT MISNER, pray this Honorable Court enter judgment in their favor and against the Plaintiff and for such other and further relief as this Court deems just and proper.

### THIRD AFFIRMATIVE DEFENSE

1. Plaintiff has failed to state a claim upon which relief can be granted in the Complaint at Law.

2. Plaintiff has failed to allege a cognizable deprivation of liberties by these Defendants.

WHEREFORE, the Defendants, VILLAGE OF HOMEWOOD, a Municipal Corporation, ROBERT MISNER, respectfully request this Honorable Court dismiss Plaintiff's Complaint against the Defendants and for such other and further relief as this Court deems just and proper.

### FOURTH AFFIRMATIVE DEFENSE

1. That these Defendants assert that the Plaintiff's own negligence was the direct and proximate cause of any alleged injuries.

WHEREFORE, the Defendants, VILLAGE OF HOMEWOOD, a Municipal Corporation, ROBERT MISNER, pray this Honorable Court enter judgment in their favor and against the Plaintiff and reduce any award in favor of the Plaintiff by the amount of Plaintiff's own contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

1. Any award obtained by the Plaintiff must be reduced to the extent to which the Plaintiff has failed to discharge his duty to mitigate damages commensurate with the degree of failure to mitigate attributed to the Plaintiff by the jury in this case.

WHEREFORE, the Defendants, VILLAGE OF HOMEWOOD, a Municipal Corporation, ROBERT MISNER, requests this Honorable Court reduce any award in favor of the Plaintiff by the degree to which Plaintiff failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

1. The VILLAGE is not liable to Plaintiff on any Stew law claim if the individual Defendant is not found liable to the Plaintiff on such a claim, pursuant to 745 ILCS 10/2-109.

WHEREFORE, the Defendants, VILLAGE OF HOMEWOOD, a Municipal Corporation, ROBERT MISNER, respectfully request this Honorable Court dismiss the Plaintiff's Complaint with prejudice, with costs assessed against Plaintiff.

Respectfully Submitted,

/s/Russell W. Hartigan_____
Russell W. Hartigan, One of the Attorneys for the Defendants, Misner and Village of Homewood

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & CUISINIER P.C.
222 North LaSalle Street
Suite 2150
Chicago, Illinois 60601
(312)201-8880

07-30-4852                                                               ARDC No. 01144642

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL MAHAFFEY,      ) | |
|     Plaintiff,      ) | |
| v.      ) | No.   07 C 6758 |
|        ) | |
| P.O. R. MISNER, Individually, and      ) | Judge Moran |
| THE VILLAGE OF HOMEWOOD,      ) | Magistrate Judge Cole |
|        ) | |
|     Defendants.      ) | |

### NOTICE OF FILING

TO:   Edward M. Fox, Garrett W. Browne, Leslie C. McCoy and Rachel M. Koch, ED FOX & ASSOCIATES, 300 W. Adams, Suite 330, Chicago, IL 60606

PLEASE TAKE NOTICE that on this 10th day of January, 2008, we filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, our **ANSWER**, copies of which are attached hereto and served upon you.

/s/Russell W. Hartigan_____

### PROOF OF SERVICE BY ELECTRONIC MAIL

The undersigned, being first duly sworn on oath, deposes and states that s/he served the above and foregoing Notice, together with a copy of the pleading(s) therein referred to, upon each party to whom it is directed, via electronic mail, on this 10th day of January, 2008.

/s/Russell W. Hartigan_____

SUBSCRIBED AND SWORN to before me this 10th day of January, 2008.

_____
    Notary Public

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & CUISINIER P.C.
222 North LaSalle Street, Suite 2150
Chicago, Illinois 60601
(312) 201-8880