# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DARRYL MAHAFFEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 6758 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| P.O. R. MISNER, individually, and ) | |
| THE VILLAGE OF HOMEWOOD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darryl Mahaffey brought this lawsuit against Robert Misner, a Homewood police officer, and the Village of Homewood, setting forth claims under federal and Illinois state law. Mahaffey brings, *inter alia*, state law claims of malicious prosecution against both Misner and the Village, via the doctrine of *respondeat superior*. Defendants move for summary judgment on the malicious prosecution claims. For the reasons set forth below, the Court denies the motion.

### *BACKGROUND*

Although there are some facts that are contested in this case, the Court begins with a statement of the facts that are uncontested. On or about July 15, 2007, at approximately midnight, Misner stopped Mahaffey while he was driving westbound at 175th Street and Center Avenue in Homewood, Illinois. At the time, Mahaffey did not have a valid driver's license or proof of insurance. Misner arrested Mahaffey for driving on a suspended license and took him to the police station. At the police station, Misner took Mahaffey to a cell. In the cell, Mahaffey raised his leg to Misner. Misner then filed a criminal complaint for aggravated assault against

1

Mahaffey. Mahaffey was not present at the hearing on that charge, however. The case was stricken off with leave to reinstate the charge (SOL) and eventually dismissed.

The parties are in dispute about a number of the facts surrounding Misner's treatment of Mahaffey, how Mahaffey raised his leg, and the dismissal of the assault case. For support of their alternative versions of the story, they generally cite to their deposition testimony. They also cite to the record from the assault case. Mahaffey claims that he was at all times cooperative with Misner, but that Misner was abusive during the arrest and transport to the detention cell. He alleges that Misner grabbed him and pushed him during the arrest, and refused to loosen his handcuffs after placing them on his wrists too tightly. He alleges that upon their arrival at the police station, Misner pushed and shoved Mahaffey down a hallway and into the detention cell, ramming his shoulder into a brick column while his hands were still handcuffed behind his back. Finally, he alleges that Misner charged at him with a Taser and that Mahaffey only raised his leg defensively at that point in order to prevent Misner from striking him with the Taser.

Misner, on the other hand, claims that Mahaffey was uncooperative and used abusive language during the arrest and the trip to the detention cell. He admits pulling Mahaffey to the cell, but claims that he did so because Mahaffey would not cooperate. He denies shoving Mahaffey into the brick column. Instead, he claims that once they got to the cell, Mahaffey turned around and attempted to kick him. Misner claims that he blocked the kick, pushed Mahaffey backwards, and drew his Taser for his own safety. He says that he pointed his Taser at Mahaffey and told him to sit down on a bench.

Mahaffey says that after the assault case was SOL, he made a demand for a trial. Then, because charges were never reinstated, the court dismissed the case. Misner argues that the

record does not reflect a demand for trial, and states that he does not have sufficient information to form a belief as to whether the charges were reinstated.

## *DISCUSSION*

### I. Standard of review

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. V. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

The parties dispute a number of facts in this case. Thus, the Court must determine which of these facts are material to Misner's malicious prosecution claim. Fed. R. Civ. P. 56(c). Of course, wherever there is a dispute as to the facts, the Court must give credence to Mahaffey's version of the facts at this stage in the proceedings. *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 676 (7th Cir. 2007).

3

## II. Analysis

In order to succeed on his malicious prosecution claim under Illinois law Mahaffey must prove: (1) the commencement or continuation of judicial proceedings by Misner; (2) the absence of probable cause for such proceedings; (3) the presence of malice; (4) the termination of proceedings in Mahaffey's favor; and (5) damages resulting to Mahaffey. *Swick v. Liautaud*, 169 Ill. 2d 504, 662 N.E.2d 1238, 1242 (1996). In their motion Defendants argue that Mahaffey cannot meet this burden because the criminal proceedings did not terminate in Mahaffey's favor and because Misner had probable cause.

### A. Favorable termination

The parties agree that under Illinois law the criminal proceedings that form the factual basis for Mahaffey's malicious prosecution claim need not be disposed of on the merits in order for Mahaffey to prove that they terminated in his favor. *Cult Awareness Network v. Church of Scientology Int'l*, 117 Ill. 2d 267, 685 N.E.2d 1347, 1352 (1997). Illinois courts decide this issue "not by the *form* or *title* given to the disposition of the prior proceeding, but by the *circumstances* under which the disposition was obtained." *Id.* at 1352-53 (emphasis in original). Defendants argue that the Court should grant summary judgment in this case because the circumstances do not indicate Mahaffey's innocence and because criminal proceedings are not terminated when they are SOL.

In *Velez v. Avis Rent a Car Sys., Inc.*, 308 Ill. App. 3d 923, 721 N.E.2d 652 (Ill. App. Ct. 1999), the court addressed a very similar set of circumstances. In that case, the prior proceeding was SOL a number of times, the plaintiff in the malicious prosecution claim demanded a trial, and eventually so much time passed that trial was precluded pursuant to the Illinois statute

governing speedy trials. *Id.* at 653 (citing 725 ILCS 5/103-5(a)). The facts are the same in the instant case, except that the prior case was SOL only once.

The court in *Velez* applied the analysis adopted in *Cult Awareness Network* and relied heavily on the Illinois Supreme Court's decision in *Swick*. *Id.* at 655-56. In *Swick*, the court held that even though a *nolle prosequi* is not a final disposition in the criminal context, it does constitute a favorable termination in the civil malicious prosecution context unless the abandonment is for reasons not indicative of the innocence of the accused. 662 N.E.2d at 1242. The court in *Velez* made note of a line of Illinois appellate opinions that held that when a case is SOL, it cannot be a final determination unless the malicious prosecution plaintiff moved to discharge the case on speedy trial grounds. 721 N.E.2d at 656 (citing *Khan v. Am. Airlines*, 266 Ill. App. 3d 726, 639 N.E.2d 210, 214 (Ill. App. Ct. 1994)). The court held, however, that in light of *Swick*, these cases were no longer controlling. *Id.*

*Swick* also holds that the abandonment of the prior proceedings is not indicative of the innocence of the accused when the *nolle prosequi* is the result of: (1) an agreement or compromise with the accused; (2) misconduct on the part of the accused for the purpose of preventing trial; (3) mercy requested or accepted by the accused; (4) the institution of new criminal proceedings; or (5) the impossibility of impracticability of bringing the accused to trial. 662 N.E.2d at 1243. Just as in *Velez*, 721 N.E.2d at 656, the Court finds nothing in the record indicating that the assault case against Mahaffey was SOL for any of these reasons.

Finally, just as in *Velez*, *id.*, the record does indicate that Mahaffey demanded trial, despite Defendants' contentions to the contrary. In the transcript of the August 13, 2007 proceedings the court states, "Motion state S.O.L. Demand for trial." Mahaffey states in his affidavit that the charges were not reinstated within the statutory period. Defendants present no

evidence to the contrary. Thus, this case is analogous to *Velez*, and Mahaffey has presented sufficient evidence to defeat a motion for summary judgment on the issue of whether the prior proceedings terminated in his favor.

Furthermore, this decision is supported by *Cult Awareness Network*, where the Illinois Supreme Court cited an involuntary dismissal resulting from plaintiff's failure to comply with discovery as an example of a favorable termination, "due to the fact that a party who fails to produce evidence, in essence, fails to prosecute." *Id.* at 1353 (internal citations omitted). Misner's failure to appear in court as a complaining witness is analogous, and similarly supports a finding of a favorable termination. *Cf. O'Neill v. O'Callaghan*, No. 01 C 6500, 2002 WL 31133188, *8-*9 (N.D. Ill. Sept. 25, 2002) (holding SOL due to failure of complaining witness to appear was not favorable determination and distinguishing *Velez* because defendants were not complaining witnesses and did not fail to prosecute).

### B. Probable cause

Defendants next argue that Mahaffey's claims must fail because he cannot show that Misner acted without probable cause. They claim that Misner had probable cause to arrest Mahaffey for the traffic offenses and to file the complaint against him for aggravated assault. They argue that either is enough to defeat Mahaffey's claim. Mahaffey disputes the claim that Misner had probable cause to file the assault complaint and argues that the question of whether Misner had probable cause to arrest him for the traffic offenses is irrelevant to the success of his malicious prosecution claim.

#### 1. Traffic offenses

Defendants rely heavily on *Devenpeck v. Alford*, 543 U.S. 146, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004), for support of their argument that Mahaffey's claim is defeated by a showing that Misner had probable cause for arresting him for the traffic offenses. In *Devenpeck*, the Court

6

clarified that a court's analysis of whether probable cause existed for an arrest should be based solely on an analysis of whether the facts known to the police officer at the time of the arrest support a reasonable conclusion that a criminal offense has been or is being committed. *Id.* at 152-53. In other words, an officer's subjective state of mind, including the officer's assessment of what offense has been committed, is irrelevant. *Id.* at 153. In fact, the offense invoked by the officer at the time of the arrest need not even be closely related to the offense which forms the basis for the court's finding of probable cause. *Id.* at 152-53. Defendants argue that under *Devenpeck*, any finding of probable cause by this court is sufficient to defeat Mahaffey's malicious prosecution claim.

Defendants miss the mark with this argument. The analysis they suggest would apply only if Mahaffey brought a false arrest claim on the basis of the arrest for the traffic offenses. Instead, Mahaffey has filed a malicious prosecution claim on the basis of the criminal complaint for assault Misner later filed. A malicious prosecution claim presents a different question than a false arrest claim or a claim that a plaintiff's Fourth Amendment rights against unreasonable search and seizure has been violated. The question in a malicious prosecution action is whether the defendant had probable cause for the prosecution for the offense in question, not whether there was probable cause to arrest the plaintiff for any offense. *Holmes*, 511 F.3d at 681-84 (citing *Ross v. Mauro Chevrolet*, 369 Ill. App. 3d 794, 861 N.E.2d 313, 319 (Ill. App. Ct. 2006). In this case, then, the question is whether Misner had probable cause to file a criminal complaint against Mahaffey for assault.

### 2. Aggravated Assault

As noted above, the facts surrounding Mahaffey's and Misner's actions in the detention cell are in dispute. Mahaffey admits that he raised his leg towards Misner, but argues that he was acting defensively in response to excessive force exerted by Misner, including Misner charging

7

at him with a Taser. Misner, on the other hand, claims that he only used the force necessary to control Mahaffey, who was not acting cooperatively, and that Mahaffey attempted to kick Misner. Misner argues that the disputed facts are immaterial, however, because the fact that Mahaffey raised his leg towards Misner is enough to provide Misner with probable cause for filing the assault complaint.

First, the Court must establish whether the facts supporting a claim of self defense, which the Court must take as true, are relevant here. In other words, the issue is whether Misner's knowledge of these facts undermines a finding of probable cause for the prosecution. Misner had probable cause if he was presented with "a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion," that Mahaffey committed assault. *Johnson v. Target Stores, Inc.*, 341 Ill. App. 3d 56, 791 N.E.2d 1206, 1220 (Ill. App. Ct. 2003) (quoting *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 733 N.E.2d 835, 842 (Ill. App. Ct. 2000)).

Under Illinois law, a person commits assault when "without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery." 720 ILCS 5/12-1(a). In turn, a person commits a battery when he "intentionally or knowingly, without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a). Mahaffey has made a claim for excessive force. "The use of excessive force invokes the right of self-defense" against an arresting officer. *People v. Bailey*, 108 Ill. App. 3d 392, 439 N.E.2d 4, 9 (Ill. App. Ct. 1982); 720 ILCS 5/7-1(a). Thus, a person acting in self-defense in response to excessive force is acting with legal justification. Under these definitions, Misner did not have probable cause unless he was presented with a state of facts that would lead a person of ordinary

caution and prudence to believe that Mahaffey was acting without any justification when he raised his leg.

Defendants' arguments to the contrary are unavailing. Defendants are correct that in a criminal proceeding, self defense is an affirmative defense. *Bailey*, 439 N.E.2d at 9; 720 ILCS 5/7-14. However, this does not mean that Misner was under no obligation to take Mahaffey's right to self defense into account when he made the decision to file his complaint. Courts have taken the issue of self defense into account when making determinations of probable cause. For example, in *Driebel v. Milwaukee*, 298 F.3d 622, 645 (7th Cir. 2002), the court based its finding of probable cause for a battery arrest in part on the fact that the evidence ruled out the possibility of self defense. In *Kosyla v. Dvorak*, No. 04 C 6180, 2005 WL 1651719, *2 (N.D. Ill. July 1, 2005), the court found that the defendant, a police officer, lacked probable cause to arrest the plaintiff for allegedly hitting the defendant if the plaintiff "did so only in self defense." The same rule applies here.

The Court holds the facts and the law of this case to be distinguishable from those in *Johnson v. Hondo, Inc.*, 125 F.3d 408 (7th Cir. 1997), a case which might appear to provide a different rule. In that case, the court held that a claim of self defense did not save a malicious prosecution claim from the defendant's argument that there was probable cause. *Id.* at 416. However, the court was applying Wisconsin state law, rather than Illinois law. *Id.* Moreover, insofar as the law of the two states is similar, the *Hondo* court based this decision on two facts not present here. First, the defendant in *Hondo* did not know the facts supporting a claim of self defense when it filed the criminal complaint. *Id.* Since a probable cause finding is based on the facts known to the defendant, the plaintiff's claim of self defense was irrelevant. *Id.* Second, the court found that a layperson or, in the case of the *Hondo* defendant, a corporation, was not in a

9

position to assess the "nuances and distinctions" of the law such as when a person is justified in committing a battery. *Id.* Misner, on the other hand, is a police officer who is trained to make those sorts of assessments and required to make them regularly as part of his duties. The Court will therefore not extend the logic of the decision made under Wisconsin law in *Hondo* to this situation.

Having established that any facts supportive of Mahaffey's claim of self defense are relevant to the inquiry of whether Misner had probable cause to file a criminal complaint, the Court proceeds to that inquiry. This is a close case. However, the Court will not grant summary judgment to Defendants on the undisputed facts alone. Without knowing the details surrounding the act, the Court cannot decide as a matter of law that, by raising his leg, Mahaffey gave Misner probable cause to file the complaint.

This conclusion is supported by an analysis of Mahaffey's version of the disputed facts, which the Court must accept as true. According to Mahaffey, Misner had repeatedly engaged in excessive force already before Mahaffey raised his leg, including shoving Mahaffey into a brick column and injuring his shoulder. Then, Misner once again engaged in excessive force when he allegedly charged at Mahaffey with a Taser despite Mahaffey's complete cooperation. Mahaffey's hands were handcuffed behind his back. So, Mahaffey contends, he raised his foot in front of him to protect him from the Taser. Given this set of facts, it was reasonable for Mahaffey to believe that it was necessary for him to raise his foot toward Misner to prevent Misner from striking him with the Taser. Presuming all of the above facts to be true, Misner was aware of all of the circumstances giving rise to Mahaffey's reasonable belief. Thus, making all inferences in Mahaffey's favor, Misner was not presented with a state of facts that would, as a

matter of law, lead a person of ordinary caution and prudence to believe that Mahaffey was committing a crime.

## *CONCLUSION*

For the above reasons, the Court denies Defendant's motion for summary judgment on Mahaffey's malicious prosecution claims.

IT IS SO ORDERED.

7/31/09
Dated

Hon. William J. Hibbler
United States District Court